UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-375-WTL-MJD |
| | ) |
| PAUL CIESIELSKI, Indianapolis Metropolitan Law Enforcement, Chief of Police, *et al.*, | ) ) ) |
| | ) |
| Defendants. | ) |

ENTRY ON DEFENDANTS' MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS

This cause comes before the Court on the Defendants' motion for partial judgment on the pleadings. (Dkt. No. 51). The motion is fully briefed, and the Court, being duly advised, rules as follows.

I.  STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). The Court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.* The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta*, 499 F.3d at 633 (citation omitted).

## II. BACKGROUND

Plaintiff Patricia Thompson brings this action pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated her Fourth, Fifth, and Fourteenth Amendment rights when they wrongfully arrested her, planted drugs in her vehicle, falsified documents, made false reports, withheld evidence and committed perjury.

According to Ms. Thompson, IMPD Officer Matthew Stevenson, acting under the supervision of IMPD Sergeant Garth Schwomeyer, falsely arrested Ms. Thompson on March 9, 2010. Ms. Thompson alleges that Officer Stevenson also planted drugs in her Trail Blazer and falsified a search warrant affidavit in order to obtain a search warrant for the vehicle. She asserts claims for damages against Officer Stevenson and Sergeant Schwomeyer in their official and individual capacities.

Officer Michael Condon is alleged by Ms. Thompson to have participated with Officer Stevenson in planting drugs in her vehicle and also to have provided false reporting of the location of her vehicle after it had been towed. Mr. Thompson seeks damages from Officer Condon in his official and individual capacities.

Further, Ms. Thompson alleges that Officer Jean Deddish engaged in a conspiracy and committed perjury when she testified that she saw thirty-five persons enter and exit Ms. Thompson's home during an afternoon surveillance period.

Finally, Ms. Thompson seeks damages from the Indianapolis Metropolitan Police Department ("IMPD") and Chief of Police Paul Ciesielski as the parties responsible for the officers. Claims are asserted against Chief Ciesielski in his official and individual capacities.

The Defendants have moved for partial judgment on the pleadings with respect to the following claims:

2

1. Ms. Thompson's claim against IMPD;

2. Her claim against Chief Ciesielski in his individual capacity;

3. Her claim for violation of her Fifth Amendment rights;

4. Her claims against the City of Indianapolis and all officers in their official capacities.

The Court addresses each claim below.

### III.   DISCUSSION

#### A.   IMPD

According to the Defendants, judgment on the pleadings is proper with respect to IMPD, as IMPD lacks the legal capacity to sue or be sued. "Capacity to sue or be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b). It does not appear that, under Indiana law, IMPD has the capacity to sue or be sued independent of the unit that established it. Ind. Code §§ 36-1-4-3; 36-8-2-2. *Cf.* Ind. Code § 36-7-8-15 (housing authorities may sue or be sued); § 36-8-11-15 (boards of fire protection districts); § 36-9-4-36 (boards of public transportation corporations); § 36-10-3-11 (boards of parks and recreation departments); § 36-12-2-2 (public libraries). As a department within the City of Indianapolis, IMPD is not a separate suable entity; rather, the City of Indianapolis is the proper party.

In her response, Ms. Thompson requests that the City of Indianapolis be added as a defendant in the action. Given the relationship between IMPD and the City, the Court finds such addition proper. Furthermore, Ms. Thompson also seeks the addition of the City given its independent knowledge of the wrongdoing of the other Defendants. Specifically, Ms. Thompson alleges that she called and sent email messages to Mayor Ballard and Prosecutor Terry Curry, but they did not address her concerns. The Court grants Ms. Thompson's request; the City of Indianapolis shall be added as a defendant to the action.

### B. Chief Ciesielski, in his Individual Capacity

The Defendants also seek judgment on the pleadings as to Ms. Thompson's claims against Chief Ciesielski in his individual capacity. In her response, Mr. Thompson clarifies that her claim against Chief Ciesielski stems from the fact that he knew what was "going on" with her case, but he did nothing. Specifically, Ms. Thompson sent Chief Ciesielski "evidence" or "notice" on July 14, 2010, August 12, 2011, and September 2, 2011. Ms. Thompson also sent a letter to the Indiana Attorney General on July 29, 2010, which letter was forwarded to the Chief.

"Every police chief knows that some officers shoot unnecessarily or arrest some suspects without probable cause . . . . But heads of organizations have never been held liable on the theory that they did not do enough to combat subordinates' misconduct, and the Supreme Court made it clear in *Iqbal* that such theories of liability are unavailing." *Vance v. Rumsfeld*, 701 F.3d 193, 205 (7th Cir. 2012) (discussing personal liability of federal officials under *Bivens*). Knowledge of subordinates' misconduct is not enough for liability; rather, the supervisor must want the forbidden outcome to occur. *Id.* at 204. Ms. Thompson has not alleged facts sufficient to make it plausible that Chief Ciesielski *wanted* the alleged constitutional violations to occur. Judgment on the pleadings as to Ms. Thompson's claims against Chief Ciesielski in his individual capacity is therefore warranted.

### C. Fifth Amendment

Ms. Thompson also asserts that the actions of the Defendants violated her Fifth Amendment rights. The Fifth Amendment applies to federal government actors; the Defendants are state actors. *E.g.*, *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the

4

Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"). Accordingly, judgment on the pleadings as to this claim is appropriate.

### D.     Indianapolis and Officers in Official Capacities

Finally, Ms. Thompson has alleged claims against Chief Ciesielski, Sergeant Schwomeyer, Officer Stevenson, Officer Condon, and Officer Deddish in their official capacities. In addition, the City of Indianapolis has been added as a defendant in this action. According to the Defendants, however, judgment on the pleadings is appropriate with respect to these claims because Ms. Thompson has not alleged a policy, practice, or custom of the City or IMPD as the source of the alleged constitutional violations. In response, Ms. Thompson alleges that the City of Indianapolis and IMPD had an "ongoing practice, custom or policy of unconstitutional nature that has been going on since the 1970's."

Suit against an officer in his official capacity is treated as suit against the municipality itself. *Pourghoraishi v. Flying J, Inc.*, 499 F.3d 751, 765 (7th Cir. 2006). Accordingly, suit against the IMPD officers in their official capacities is treated as suit against the City of Indianapolis.

"To state a claim against a municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the injury." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). In the instant case, Ms. Thompson *alleges* a policy or custom of an unconstitutional nature, but she has not identified any facts supporting her allegation to make it plausible. Accordingly, judgment on the pleadings as to all claims against officers in their official capacities, as well as the City of Indianapolis, is appropriate.

## IV.  CONCLUSION

The Defendants' motion for judgment on the pleadings as to IMPD is **GRANTED**. The City of Indianapolis is **HEREBY ADDED** as a defendant. Judgment on the pleadings is also **GRANTED** as to Ms. Thompson's claims against Chief Ciesielski in his individual capacity.

Judgment on the pleadings is **GRANTED** as to Ms. Thompson's Fifth Amendment claim.

The Defendants' motion for judgment on the pleadings as to all claims against officers in their official capacities, as well as the City of Indianapolis, is also **GRANTED**.

SO ORDERED:   03/04/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

Copy by United States mail to      **Ms. Patricia Thompson**
**1144 W. 79th Street**
**Indianapolis, IN 46260**