UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA DIANE THOMPSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:12-cv-375-WTL-MJD |
| | ) |
| CITY OF INDIANAPOLIS, et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on cross motions for summary judgment.[1] The motions are fully briefed and the Court, being duly advised, **GRANTS** the Defendants' motion and **DENIES IN PART AND TAKES UNDER ADVISEMENT IN PART** the Plaintiff's motion to the extent and for the reasons set forth below.

## I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences

---

[1] The Plaintiff is proceeding *pro se* in this case and was provided with the notice required by Local Rule 56-1(k). She has filed a variety of documents relating to her own summary judgment motion and the Defendants' summary judgment motion (dkt. nos. 87, 89, 90, 95, 96, and 97), as well as an earlier filing regarding the application of res judicata (dkt. no. 79). The Court has reviewed and considered all of her filings.

in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, and especially applicable in this case, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. FACTUAL BACKGROUND

The following facts are the facts of record as viewed in the light most favorable to Plaintiff Patricia Thompson.

In the early morning hours of March 8, 2010, the adult son of Plaintiff Patricia Thompson, Antwan Rush, was stopped by Indianapolis Metropolitan Police Department ("IMPD") officers while driving a blue Chevy Trailblazer that was registered to Thompson. Antwan was arrested for driving with a suspended license. That same day, an arrest warrant was issued for Antwan related to a separate criminal case. One of the charges against Antwan in that case was possession of cocaine.

Antwan was released for the driving with a suspended license charge before officers were able to execute the arrest warrant for the cocaine possession charge. In an attempt to locate Antwan to execute the arrest warrant, detectives with IMPD's Violent Crimes Unit ("VCU") conducted surveillance of places that he was known to frequent, including a home at 4210 North Carrollton Avenue in Indianapolis. That home was owned by Thompson. While watching that residence, officers observed 30-35 people enter and exit the home. Defendant Garth

Schwomeyer, an IMPD Sergeant, observed torn plastic baggies and latex gloves on the front porch and in the front yard.

At approximately 5:00 p.m. on March 8, 2010, Thompson arrived at 4210 Carrollton Avenue to meet Antwan and take him to retrieve the Trailblazer, which the IMPD had had towed when he was arrested. Thompson observed approximately ten police officers outside of the residence and was informed that they had a warrant for Antwan's arrest. Sergeant Schwomeyer asked Thompson for permission to search the residence, but she told him that she could not assist him. When he said he would obtain a search warrant, Thompson told him to do what he needed to do in order to do his job. Thompson was at the scene for approximately fifteen minutes and then left because Schwomeyer was screaming at her.

Later that evening, Defendant Matthew Stevenson, an IMPD detective, applied for and was granted search warrants for the Trailblazer that Antwan had been driving, 4210 North Carrollton Avenue, and the attached residence at 4212 North Carrollton Avenue. The following items were found in the Trailblazer: power and crack cocaine; a baggy of marijuana; an application for a social security card filled out in Antwan's name with the address 5774 San Paulo Circle, Apartment A., Indianapolis, and mail addressed to Thompson at 4210 N. Carrollton Avenue. The search of 4210 North Carrollton Avenue yielded multiple bags of cocaine and mail addressed to Thompson at that address.

After contraband was found at 4210 North Carrollton Avenue, Detective Stevenson obtained a search warrant to search Thompson's residence, 5774 San Paulo Circle, Apartment A, Indianapolis, and her vehicle, a red Nissan Xterra. That search warrant was executed in the early morning hours of March 9, 2010. No contraband was found in the apartment. Sergeant Schwomeyer searched Thompson's purse and removed $950. As he was leaving the apartment,

3

he told Thompson he was going to buy a television with the money. Ultimately only $740 was returned to Thompson.

At one point during the search, Schwomeyer obtained Thompson's car keys from her and went outside. Detective Condon later searched Thompson's Nissan. He reported that papers were strewn about the vehicle and that he found a small bag of cocaine in the driver's side door pocket. Thompson does not dispute Detective Stevenson's account, but surmises that, unbeknownst to Stevenson, Schwomeyer planted the drugs and tossed the papers around before Stevenson conducted the search. Thompson did not know of any cocaine in the vehicle, and the papers were not scattered in it when she left it. No one but Thompson had driven the Nissan since October 2009, when her son Antonio was shot. Prior to that incident, she let Antonio drive it.

Thompson was arrested for possession of cocaine and transported to the Marion County Jail, where she remained for a few hours before posting bond. No charges were filed against her at that time. However, on March 24, 2010, Thompson was charged with two counts of conspiracy to commit dealing in cocaine, a Class A felony, and one count of possession of cocaine, a Class D felony. She was arrested and spent nine days in jail at that time. Her case went to trial on May 6, 2011; all charges against her were dismissed when the judge granted her Indiana Trial Rule 41(B) motion during trial.

On May 17, 2011, Thompson filed a lawsuit in the Marion County Superior Court against the City of Indianapolis, the IMPD, and Detective Matthew Stevenson, alleging "corruption, conducting illegal searches, filing false reports, fabrication and manipulating paperwork to get a conviction." The defendants moved to dismiss for failure to state a claim on July 6, 2011. Thompson filed a motion to amend her complaint and an amended complaint on July 14, 2011.

On July 22, 2011, the court granted the defendants' motion to dismiss (which was directed to the original complaint) and dismissed the case with prejudice, without acknowledging the motion to amend or the amended complaint.[2]

### III. DISCUSSION

Thompson asserts claims against the City of Indianapolis, Sergeant Schwomeyer, Detective Stevenson, Detective Deddish, and Detective Michael Condon pursuant to 42 U.SC. § 1983 for violations of her rights under the Fourth and Fourteenth Amendments. Specifically, she alleges that she was subjected to unlawful search, invasion of privacy, unlawful arrest, and unlawful prosecution. She also alleges that she was defamed when a detective told her supervisor at her place of employment that she was involved in drug trafficking.

#### A.  Defendants' Motion for Summary Judgment

##### 1.  Res Judicata

The Defendants first argue that all of Thompson's claims in this case are barred by res judicata in light of the dismissal of her state court complaint with prejudice. Because the allegedly preclusive judgment was rendered by an Indiana court, Indiana law must be applied to determine whether this suit is barred by res judicata. *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011). As the Indiana Court of Appeals recently noted, "[t]he doctrine of res judicata acts to prevent repetitious litigation of disputes that are essentially the same." *Angelopoulos v. Angelopoulos*, ____ N.E.2d ____, 2013 WL 5827979 at 5 (Ind. App. 2013). The branch of res judicata applicable here, claim preclusion,

> applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. When claim preclusion applies, all matters that were or

---

[2] While the Defendants assert in their statement of fact that the court denied Thompson's motion to amend, it does not appear that the court acknowledged that motion at all.

> might have been litigated are deemed conclusively decided by the judgment in the prior action. The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id.* With regard to Thompson's claims against the City of Indianapolis and Detective Stevenson, all of these requirements are met. There is no question that the judgment below was rendered by a court of competent jurisdiction, and "a dismissal with prejudice constitutes a dismissal on the merits." *Fox v. Nichter Const. Co., Inc.*, 978 N.E.2d 1171, 1181 (Ind. App. 2012). Thompson argues that res judicata does not apply because this case is brought pursuant to § 1983, while her state case was not; however, "[t]wo claims arising from the same facts are one claim for res judicata purposes, and may not be split." *Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997); *see also Hilliard v. Jacobs*, 957 N.E.2d 1043, 1048 (Ind. App. 2011) ("Claim splitting, regardless of the reason for it, is not allowed in Indiana courts."). In other words, "multiple legal theories supporting relief on account of one transaction must be litigated at one go." *Hilliard*, 957 N.E.2d at 1048 (citations omitted).

So all of Thompson's claims against the City of Indianapolis and Stevenson are barred by res judicata, and those Defendants are granted summary judgment on that basis.[3] The Defendants argue that they are all in privity with one another and therefore Thompson's claims against all of them are barred. They are incorrect. "Even if a plaintiff's right to relief arises from

---

[3] Thompson argues, not unsympathetically, that the state court erred in dismissing her case with prejudice without giving her the opportunity to amend her complaint. While that may have been error, that error cannot be corrected by this Court; rather, Thompson either could have filed a motion raising the error with the state court or appealed that judgment. She apparently did neither, opting instead to file this suit. Thompson also suggests that res judicata does not apply because the state court judgment was "fraudulent," but she cites to no evidence to support that allegation.

what is realistically viewed as a single episode, if it is a right against multiple parties-joint tortfeasors, if the right arises under tort law-he needn't join them in one suit unless there is privity among those parties, for in that event separate suits against them are treated as the equivalent of separate suits against the same party." *Manicki v. Zeilmann*, 443 F.3d 922, 926 (7th Cir. 2006) (citations omitted).

> The term privity describes the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in the action are such that they may nevertheless be bound by the judgment in that action. Whereas a "party" is one who is directly interested in the subject matter and has a right to make a defense or control the proceedings, a "privy" is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment. The term includes those who control an action, though not a party to it, and those whose interests are represented by a party to the action. As such, an entity does not have to control a prior action, or be a party to a prior action, for privity to exist. Therefore, in determining the parties for res judicata purposes, this court looks beyond the nominal parties and treats those whose interest are involved as the real parties.

*MicroVote General Corp. v. Indiana Election Comm'n*, 924 N.E.2d 184, 196 (Ind. App. 2010). Defendants Schwomeyer, Deddish, and Condon's interests were not implicated by Thompson's suit against Stevenson and the City; accordingly, they were not in privity with them and the preclusive effect of that suit does not extend to Thompson's claims against them.

### *Defendant Deddish*

Thompson's only claim against Defendant Deddish is that she lied when she said that she saw numerous people enter the residence at 4210 Carrollton, stay for a short time, and then leave, which she believed was indicative of drug trafficking occurring inside the residence. This information was included in the probable cause affidavit used to obtain a search warrant for 4210 Carrollton; that search, in turn, produced evidence that led to the search of Thompson's apartment and vehicle and Thompson's arrest and prosecution. Deddish also testified about her observations at Thompson's criminal trial, which Thompson alleges constituted perjury.

7

Thompson's argument is two-fold. First, she points to the fact that Deddish admitted during her testimony that she could not actually see the door from her vantage point; rather, she saw people go up onto the porch and "disappear," then "reappear" on the porch later, from which she inferred that they had entered and then exited the house. The fact that she may have said that she saw people enter the house when she actually drew that inference from her observations may make her guilty of using imprecise language, but it does not render her testimony perjurious. Thompson also argues that Deddish could not have seen the porch from her vantage point. Thompson did not see Deddish on the day in question; rather, she testified that she made the determination, based on Deddish's testimony about where she was located, that it was not possible for her to see the porch from that spot. Thompson's testimony on this issue—which is not based on personal knowledge, but rather on her understanding of where Deddish was while she was conducting surveillance—is not sufficient evidence to support a finding that Deddish lied about what she observed. Accordingly, Deddish is entitled to summary judgment on Thompson's claims against her.

*Defendant Condon*

Thompson does not articulate a viable claim against Defendant Condon. It appears that she originally believed Condon was responsible for planting drugs in her vehicle, but she later determined that he was "the only one telling the truth" and she now believes that the drugs Condon found were planted by Schwomeyer. She also asserts that Condon falsely stated the location of the Trailblazer at some point; however, she does not articulate how this was a violation of her constitutional rights. Accordingly, Condon is entitled to summary judgment.

*Defendant Schwomeyer*

8

Thompson's allegations against Schwomeyer can be divided into four categories. First, she alleges that he conspired with Stevenson to produce false probable cause affidavits that led to her arrest and prosecution. She asserts that Schwomeyer dictated the allegedly false information that Stevenson recited in the probable cause affidavits; however, none of the evidence she points to supports that allegation. Assuming that the affidavits contained false information, Thompson has not pointed to any evidence that Schwomeyer had anything to do with them.

Second, Thompson alleges that Schwomeyer planted drugs in her Nissan, and perhaps in 4210 Carrollton as well. Again, she has no evidence to support that claim. With regard to 4210 Carrollton, she points to photographs that she alleges show that drugs were planted, but even if the Court were to assume the photographs support such a conclusion, there is no evidence that Schwomeyer participated or knew of the planting. With regard to the Nissan, Thompson testified that Schwomeyer asked for her keys and went outside, that no papers were scattered in the vehicle when she left it and she was not aware of any drugs in it, and that when Condon searched it there were papers scattered in it and drugs were found. This, without more, is not sufficient evidence for a reasonable factfinder to conclude that Schwomeyer planted the drugs.

Third, Thompson alleges that either Schwomeyer or Stevenson defamed her by telling her employer that she was involved in drug trafficking. Thompson has no evidence that Schwomeyer was the person who spoke to her supervisor; accordingly, even assuming the facts alleged by Thompson constitute defamation, she has not demonstrated that Schwomeyer is liable for it.

Schwomeyer is entitled to summary judgment on these claims. Thompson's fourth claim against him is addressed in the context of Thompson's motion for summary judgment, as it is not discussed by the Defendants.

### B. Thompson's Motion for Summary Judgment

All of the arguments made in Thompson's motion for summary judgment are resolved by the Court's ruling on the Defendants' motion, except for one.  In her motion and in her complaint, Thompson alleges that Schwomeyer stole $210 from her purse when he searched it.  Thompson testified that she had $950 in her purse, that she saw Schwomeyer remove it, that he told her he was going to buy a television with her money, and that she ultimately received only $740 back, which was the amount that was contained on the police inventory.  If this testimony is credited, a reasonable jury could find that Schwomeyer stole the money.

The Defendants fail to address this claim. However, Thompson failed to cite to the evidence that supports her allegation—the Court happened upon it in her deposition testimony, which was submitted by the Defendants for other purposes. Given Thompson's pro se status, the Court is willing to overlook her failure; however, pursuant to Federal Rule of Civil Procedure 56(e)(1), the Court will give Schwomeyer an opportunity to address the claim in light of that failure.  **Within 28 days of the date of this Entry**, Schwomeyer shall file a response addressing only the issue of whether Thompson (or perhaps Schwomeyer) is entitled to summary judgment on her claim that Schwomeyer stole money from her.  Schwomeyer should address whether her claim states a constitutional violation redressable under § 1983—or, for instance, whether state law provides an adequate remedy—as well as submitting any contrary evidence he may have.  Thompson may file a reply brief **within 14 days of the date of Schwomeyer's brief**.

### IV. CONCLUSION

For the reasons set forth above, the Defendants' motion for summary judgment is **GRANTED** and summary judgment is entered in favor of all of the Defendants on all of Thompson's claims except her claim that Defendant Schwomeyer stole money from her.

Thompson's motion for summary judgment is **DENIED** on all claims except her claim that Defendant Schwomeyer stole money from her; her motion for summary judgment is **TAKEN UNDER ADVISEMENT** with regard to that claim pending further briefing as ordered above. No final judgment will be entered at this time; the Court will enter final judgment after the remaining issue is resolved.

SO ORDERED: 12/04/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Patricia Thompson
1144 W. 79th St.
Indianapolis, IN 46260**

Copies to all counsel of record via electronic notification