UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA DIANE THOMPSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    vs. ) | CAUSE NO. 1:12-cv-375-WTL-MJD |
| ) | |
| CITY OF INDIANAPOLIS, et al., ) | |
| ) | |
|    Defendants. ) | |

### ENTRY ON REMAINING MOTIONS

The Court previously ruled on the parties' cross motions for summary judgment, granting the Defendants' motion and denying the Plaintiff's motion, with the exception of one claim—the Plaintiff's deprivation of property claim—that was taken under advisement pending further briefing. That briefing is now complete and the Court, being duly advised, **DENIES** the remainder of the Plaintiff's motion for summary judgment (dkt. no. 87) and **GRANTS** summary judgment in favor of the Defendants on the Plaintiff's deprivation of property claim for the reasons set forth below. In addition, the Plaintiff has moved to submit additional evidence in opposition to the Defendants' motion for summary judgment and support of her own motion, and asks the Court to reconsider its ruling in light of the new evidence. That motion (dkt. no. 102) is **DENIED**; the additional evidence proffered does not support the ruling requested by the Plaintiff. Finally, the Plaintiff has moved for reconsideration with regard to her defamation claim. That motion (dkt. no. 104) is **GRANTED**; however, upon reconsideration, summary judgment is again entered in favor of the Defendants on the Plaintiff's defamation claim for the reasons set forth below.

## I. DEPRIVATION OF PROPERTY CLAIM

In her motion and in her complaint, Thompson alleges that Defendant Schwomeyer stole $210 from her purse when he searched it. Thompson testified that she had $950 in her purse, that she saw Schwomeyer remove it, that he told her he was going to buy a television with her money, and that she ultimately received only $740 back, which was the amount that was contained on the police inventory. If this testimony is credited, a reasonable jury could find that Schwomeyer stole the money.

The Defendants failed to address this claim in their response to Thompson's motion; however, because the Plaintiff failed to cite to the evidence that supported her allegation, the Court gave the Defendants the opportunity to address the claim by means of a supplemental brief. They have now done so, pointing out, correctly, that "'an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" Defendants' Supplemental Brief at 2 (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). As the Defendants also note, the Indiana Tort Claims Act provides an adequate post-deprivation remedy. *See, e.g., Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Accordingly, the Defendants are entitled to summary judgment on the Plaintiff's deprivation of property claim.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

The Plaintiff moves for reconsideration with regard to her claim that a detective defamed her by telling her employer that she was involved in drug trafficking. Because the Court ruled that any claims the Plaintiff may have against the City of Indianapolis and Defendant Stevenson arising out of her arrest and prosecution were barred by res judicata, the Court considered this

claim only with regard to Schwomeyer. The claim against Schwomeyer was dismissed because the Plaintiff has no evidence that he was the one who spoke to her employer.

The Plaintiff asks the Court to reconsider its ruling that her defamation claims against the City of Indianapolis and Stevenson are barred by res judicata because she did not learn about the defamation until after her state court case was dismissed. The Court **GRANTS** the motion to reconsider; assuming that the Plaintiff had no reason to know about the defamation prior to the dismissal of her state court case, she is correct that her defamation claims are not subject to res judicata. However, the City of Indianapolis and Stevenson are nonetheless entitled to summary judgment on that claim. Summary judgment is **GRANTED** with regard to the defamation claim against Stevenson because the Plaintiff has no evidence that he was the one who spoke to her employer.[1] Summary judgment is **GRANTED** with regard to the defamation claim against the City of Indianapolis because the Plaintiff failed to comply with the Indiana Tort Claims Act.

### III. CONCLUSION

For the reasons set forth above, the Plaintiff's motion for summary judgment (dkt. no. 87) is **DENIED** with regard to her deprivation of property claim and summary judgment is entered in favor of the Defendants on that claim. The Plaintiff's motion to reconsider the Court's ruling with regard to her defamation claim (dkt. no. 104) is **GRANTED** and summary judgment is again entered in favor of the Defendants on that claim. The Plaintiff's motion to submit additional evidence (dkt. no. 102) is **DENIED**. This resolves all of the Plaintiff's claims in favor of the Defendants, and final judgment will enter accordingly.

---

[1] The Court notes the additional problem that the only evidence the Plaintiff has that any defamation occurred is hearsay and therefore inadmissible.

SO ORDERED: 03/14/2014

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Patricia Thompson**
**1144 W. 79th St.**
**Indianapolis, IN 46260**

Copies to all counsel of record via electronic notification